316 F.3d 424
 Theresa C. FOSTER
v.
NATIONAL FUEL GAS COMPANY, a corporation; Smith Industries Inc., a corporation; Columbia Gas Transmission Corporation, a corporation; American Meter Company, a corporation; Dresser Industries Inc., a corporation; Eclipse Inc.; Equimeter, Inc., a corporation
National Fuel Gas Company, Third Party Plaintiff
v.
Smith Industries, Inc.; Frederick Logan Company, Inc.; American Meter Company; Equimeter, Inc., Third Party Defendants
Equimeter, Inc., Appellant
 No. 02-1494.
 United States Court of Appeals, Third Circuit.
 Submitted Under Third Circuit LAR 34.1(a) November 20, 2002.
 Filed January 21, 2003.
 
 COPYRIGHT MATERIAL OMITTED Before BARRY and AMBRO, Circuit Judges, ACKERMAN,* District Judge.
 OPINION OF THE COURT
 AMBRO, Circuit Judge.
 
 
 1
 In this contributory liability lawsuit, third-party defendant Equimeter Inc. seeks to appeal the District Court's denials of its three motions for judgment as a matter of law, each raising the same issue, made after third-party plaintiff National Fuel Gas, Inc.'s case-in-chief and immediately before and after the case went to the jury. We do not, however, review whether the District Court should have granted the first or second motions, but instead consider only whether the Court correctly denied the third. Doing so, we agree with the District Court's determination that by the end of the trial sufficient evidence supported the jury's verdict. Rejecting several additional arguments made by Equimeter, we affirm.
 
 BACKGROUND
 
 2
 Theresa C. Foster brought this lawsuit against National Fuel seeking personal injury and property damages allegedly sustained as the result of a natural gas explosion at her home. Excessive pressure on a gas line at a regulation station owned by National Fuel caused the explosion.
 
 
 3
 National Fuel filed a third-party complaint against Equimeter, Inc., which supplied a safety relief valve for National Fuel's regulation station, for contribution in the event National Fuel was liable to Foster. Equimeter, in turn, filed a cross-claim for contribution against American Meter Company, which had provided three pressure regulators for the regulation station.[1]
 
 
 4
 Before trial, National Fuel and Foster settled her claim for approximately $1,070,000. National Fuel and Equimeter did not, however, reach a settlement as to National Fuel's contribution claim. Nor did Equimeter and American Meter settle the contribution claim between them. Accordingly, the contribution claims among National Fuel, Equimeter, and American Meter went to trial.
 
 
 5
 National Fuel brought its claim against Equimeter pursuant to the Uniform Contribution Among Tortfeasors Act, 42 Pa. Cons.Stat. §§ 8321-27, which provides for contribution to a joint tortfeasor (in this case, National Fuel) that settled with the injured party and extinguished the liability of another joint tortfeasor (here, Equimeter). See Slaughter v. Pennsylvania X-Ray Corp., 638 F.2d 639, 642 (3d Cir.1981) (citing § 8324(c)). Under the Act, "if the payor [National Fuel] is not a tortfeasor, [its] payment would be that of a volunteer and would not support a claim for contribution." Id.; see also §§ 8322, 8324(c). Thus, in order to recover from Equimeter, National Fuel had to prove that it acted negligently to Foster's detriment.
 
 
 6
 After National Fuel presented its case-in-chief, Equimeter moved for judgment as a matter of law on the ground that National Fuel had not presented sufficient evidence from which the jury could reasonably infer that National Fuel was in any way liable for the explosion. The District Court denied the motion because the jury could reasonably draw this inference. The Court also told counsel that it intended to instruct the jury to find that National Fuel acted as a joint tortfeasor.
 
 
 7
 In its case-in-chief, Equimeter argued that National Fuel, not Equimeter, was responsible for the explosion. Equimeter put on evidence that National Fuel had, among other things, made design errors in the placement of Foster's house meter, which allowed the gas to enter the house from underneath it, and had failed to use telemetry to monitor the gas. Also, a National Fuel employee, in that company's rebuttal to Equimeter's evidence at trial, testified that National Fuel had some liability for the accident.
 
 
 8
 Before the case went to the jury, Equimeter again moved on the same ground for judgment as a matter of law, which the District Court denied. As it had said it would do, the District Court instructed the jury to find that National Fuel had some liability. The jury found Equimeter eighty percent at fault for the explosion, National Fuel twenty percent at fault, and American Meter not at fault. Equimeter renewed its motion for judgment as a matter of law, again on the same ground, and alternatively moved for a new trial, arguing that the District Court erred in instructing the jury as to National Fuel's liability. Equimeter also moved for a new trial against American Meter, arguing that the jury's determination that American Meter was not at fault went against the weight of the evidence. The District Court denied Equimeter's motions, and Equimeter timely appealed.
 
 DISCUSSION
 
 9
 A. National Fuel's third-party contribution claim against Equimeter
 
 
 10
 1. Denial of Equimeter's motions for judgment as a matter of law
 
 
 11
 Equimeter first argues that the District Court erred in denying each of its motions — made after National Fuel's case-in-chief and renewed immediately before and after the case went to the jury — for judgment as a matter of law. We review de novo a denial of a motion for judgment as a matter of law. Walter v. Holiday Inns, Inc., 985 F.2d 1232, 1238 (3d Cir. 1993).
 
 
 12
 The District Court may grant judgment as a matter of law only if "there is no legally sufficient evidentiary basis for a reasonable jury" to find in favor of National Fuel. Fed. R. Civ. Proc. 50(a)(1). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." Walter, 985 F.2d at 1238 (quoting Patzig v. O'Neil, 577 F.2d 841, 846 (3d Cir.1978)).
 
 
 13
 Equimeter contends that there was not sufficient evidence to permit the jury reasonably to find that National Fuel had any liability for the explosion. We easily conclude that the District Court correctly denied Equimeter's motion at the end of the trial, because Equimeter itself presented evidence during its case-in-chief that would support a finding of liability on National Fuel's part — indeed, this was the heart of its defense — and because a National Fuel employee testified on rebuttal that the company acknowledged that it had some liability. Equimeter suggests that we must ignore the evidence that it presented and that National Fuel presented in rebuttal and instead may consider only the evidence that National Fuel presented it in its case-in-chief. To the contrary, once the trial moved forward, any subsequent evidence that strengthened National Fuel's case (regardless which party introduced it) not only can, but must, be considered in the determination whether sufficient evidence supports National Fuel's claim.
 
 
 14
 Equimeter had a stronger argument when it first moved for judgment as a matter of law that a jury could not reasonably find that National Fuel had any liability for the accident. We shall not now, however, review whether the District Court erred in denying Equimeter's motion at the conclusion of National Fuel's case-in-chief. This is because where, as here, the party who moved for judgment as a matter of law renews the motion later in the trial, any "initial error by [the] district court `is cured if subsequent testimony on behalf of the moving party repairs the defects of his opponent's case.'" Trs. of the Univ. of Pennsylvania v. Affiliated Risk Control Administrators Of Pennsylvania, Inc., 815 F.2d 890, 903 (3d Cir.1987) (quoting 9 J.[C.] Wright & A. Miller, Federal Practice and Procedure § 2534 (1971)).
 
 
 15
 As noted above, Equimeter did present such testimony. And there is no reason that subsequent evidence submitted by the non-moving party in rebuttal should fail to have the same curative effect as evidence presented by the moving party. Consequently, National Fuel's acknowledgment in rebuttal of some liability also acted to cure any initial defect in its case. Simply put, because the District Court correctly denied Equimeter's final motion for judgment as a matter of law, we shall not review the propriety of its earlier decisions regarding the same.[2]
 
 
 16
 We therefore affirm the District Court's decision to deny Equimeter's motion for judgment as a matter of law against National Fuel's contribution claim.
 
 
 17
 2. Denial of Equimeter's motion for a new trial
 
 
 18
 Equimeter next appeals the District Court's denial of its motion for a new trial, asserting that the District Court committed an error of law when it instructed the jury to find that National Fuel was to some extent liable for the explosion, because a reasonable jury could have found otherwise. Legal error in a charge to the jury may constitute grounds for granting a new trial. See Lewis v. Rego Co., 757 F.2d 66, 69 (3d Cir.1985). We generally review the decision whether to grant a new trial for an abuse of discretion, but we give plenary review to pure questions of law. Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir.1993).
 
 
 19
 National Fuel points out that it conceded during its rebuttal case that it did have some liability for the explosion, and argues that it follows that there was no issue for the jury to decide. National Fuel's "concession" or "admission" of a point on which it bore the burden of proof at trial and that was in its interest to establish cannot by itself mean that the jury would have acted unreasonably if it had found that National Fuel had not proven that point. Thus, the fact that National Fuel made this concession does not necessarily justify the District Court's jury instruction. The rebuttal testimony was, however, preceded by "all kinds of evidence" of National Fuel's liability submitted by Equimeter. App. at 598 (statement of District Court). And although Equimeter has argued that certain evidence that National Fuel asserts bolsters its claim of liability does not in fact prove such liability, Equimeter has not pointed to any evidence that contradicts National Fuel's concession. Because National Fuel admitted its liability (and put on rebuttal evidence to that effect), Equimeter presented "all kinds of evidence" of the same, and Equimeter has not identified any evidence that would allow a jury reasonably to disregard this evidence, the District Court did not err in instructing the jury to find that National Fuel had some degree of liability. This instruction did not therefore warrant a new trial.
 
 
 20
 Equimeter also points to the District Court's statement made at the end of National Fuel's case-in-chief that it would instruct the jury to find that National Fuel had some liability for the accident. According to Equimeter, if the District Court had not so informed the parties, Equimeter "could" have followed a different trial strategy. Appellant's Br. at 28-29. But Equimeter did not object at the time the District Court announced its plan to instruct the jury this way. Cf. Waldorf v. Shuta, 142 F.3d 601, 629 (3d Cir.1998) (holding that trial court did not abuse its discretion to grant a new trial when party had not objected to error during trial).[3] Nor has Equimeter asserted to us that it would have made any strategic decisions differently, only that it could have done so. See generally Fed. R. Civ. Proc. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Under these circumstances, we eschew in our review of the District Court's decision not to order a new trial the fact that the District Court made this allegedly improper statement before Equimeter presented its case.
 
 
 21
 Accordingly, we affirm the District Court's denial of Equimeter's motion for a new trial as to National Fuel's claim against it for contribution.
 
 
 22
 B. Equimeter's contribution cross-claim against American Meter
 
 
 23
 Finally, Equimeter argues that the jury's decision that American Meter was not a joint tortfeasor goes against the weight of the evidence and therefore that the District Court should have granted Equimeter's motion for a new trial on its contribution cross-claim. A District Court may grant a new trial on the ground that the weight of the evidence was against the verdict. Klein, 992 F.2d at 1290. New trials on this ground are, however, "proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Id. Consequently, our review of the District Court's decision is for an abuse of discretion. Id. at 1289.
 
 
 24
 Equimeter points out that the record contains uncontradicted evidence that the instructions accompanying the three regulators provided by American Meter contained inaccurate information. On this basis, Equimeter argues that the weight of the evidence does not support the jury's special interrogatory finding that the regulators themselves were not defective. The District Court noted, however, that "there did not appear to be evidence produced that any of the regulators themselves actually failed." And Equimeter has not directed our attention to any such evidence.
 
 
 25
 Equimeter further complains that, because of the jury's decision that the regulators were not defective, it did not consider the next question — whether any defects in the regulators were a cause of the explosion. Equimeter had argued throughout the case that its safety valve was not defective but instead suffered from misuse due to the inaccuracy of American Meter's instructions. As the District Court explained, the jury necessarily determined that the inaccurate instructions did not cause the explosion when it concluded in another special interrogatory that Equimeter's safety relief valve was defective rather than misused.
 
 
 26
 In light of the above, we conclude that the District Court acted within its discretion in denying Equimeter's motion for a new trial against American Meter.
 
 CONCLUSION
 
 27
 The District Court did not err in denying Equimeter's motion for judgment as a matter of law, as the record contained sufficient evidence to permit the jury reasonably to find that National Fuel was a joint tortfeasor. Nor did the District Court err in instructing the jury to find that National Fuel did have some liability for the accident, and so the District Court did not abuse its discretion in denying Equimeter's motion for a new trial on National Fuel's contribution claim. Finally, the District Court suitably exercised its discretion in denying a new trial on Equimeter's cross-claim against American Meter. We therefore affirm in all respects.
 
 
 
 Notes:
 
 
 *
 Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 National Fuel had previously filed for contribution from American Meter, but the two companies settled that claim and it is not at issue in this appeal
 
 
 [2]
 In addition, if no evidence of National Fuel's liability had been presented during its case-in-chief, the District Court arguably would have erred by granting Equimeter's motion for judgment as a matter of law at that time without first allowing National Fuel another opportunity to present such evidence:
 [Rule 50(a)(1)] authorizes the court to consider a motion for judgment as a matter of law as soon as a party has completed a presentation on a fact essential to that party's case. Such early action is appropriate when economy and expedition will be served. In no event, however, should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact.
 Rule 50 advisory committee's note (emphasis added); see also Orlando v. Billcon Int'l, Inc., 822 F.2d 1294, 1298 (3d Cir.1987) ("The requirement that the specific issue be raised first in the motion for a directed verdict, before the issue is submitted to the jury, affords the non-moving party an opportunity to reopen its case and present additional evidence."). The record suggests that National Fuel was not aware of this element of its prima facie case until Equimeter moved for judgment as a matter of law. At this point National Fuel could have presented the necessary evidence.
 
 
 [3]
 It does not matter that Equimeter later objected to the District Court giving the instruction because what Equimeter complains of here is not the instruction itself, but the effect on its case strategy of the District Court's announcement after National Fuel's case-in-chief that it would give the instruction